**In re MICRON SEPARATIONS, INC., Debtor.**

**MICRON SEPARATIONS, INC., Plaintiff,**

**v.**

**PALL CORPORATION, Defendant.**

Bankruptcy No. 97–42342–JFQ.

Adversary No. 97–4161.

United States Bankruptcy Court, D. Massachusetts.

Sept. 30, 1997.

See also 220 B.R. 733.

Steven M. Bauer, Testa, Hurwitz & Thibeault, Bruce F. Smith, Jager, Smith & Stetler, Boston, MA, for Debtor–Plaintiff.

Robert Somma, William J. Hanlon, Goldstein & Manello, Boston, MA, H. Michael Hartmann, Leydig, Voit & Mayer, Ltd., Chicago, IL, for Defendant.

## JUDGMENT

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

Micron Separations, Inc. ("MSI") has brought this action against Pall Corporation ("Pall") seeking a declaration of MSI's payment obligations under its agreement with Pall dated December 18, 1991 (the "Agreement"). The Agreement obligated MSI to pay Pall two-thirds of MSI's net after-tax profits, subject to certain adjustments, all as determined by KPMG Peat Marwick ("KPMG") in a manner consistent with generally accepted accounting principles and the terms of the Agreement. MSI's concern centers on two patent infringement judgments issued by the District Court of Massachusetts against MSI in favor of Pall, one dated November 24, 1995 in the sum of $12,250,-364.00 (the "1995 Judgment") and the other dated October 3, 1996 in the sum of $4,085.033.00 (the "1996 Judgment"). This court completed trial of the present case on September 23, 1997 and, at the conclusion of trial, dictated into the record its findings of fact and conclusions of law.

The judgment herein entered is contingent upon MSI assuming the Agreement pursuant to court approval. It is

**ORDERED, ADJUDGED and DECREED that**

1. MSI is not in breach of, or in default under, the Agreement.

2. The Agreement governs MSI's payment obligations under the 1996 Judgment as well as the 1995 Judgment.

3. KPMG's interpretation of the Agreement's provisions governing MSI's obligations, and its computation of MSI's net after tax-profits, are in all respects consistent with the Agreement and generally accepted accounting principles, including without limitation the following:

**2**

(a) MSI's legal expenses in its patent litigation with Pall are proper deductions;

(b) Prejudgment interest included in the 1995 judgment is a proper deduction even though some such interest was postjudgment interest on a prior judgment issued on June 24, 1991;

(c) Tax deductions relating to the two judgments are not yet "realized" within the meaning of the Agreement.

(d) The deductions computed by KPMG for salaries and bonuses are proper deductions.

4. MSI is presently entitled to a credit of $3,726,429.00 on its payment obligations under the Agreement. This is a credit only, not a right of payment or reimbursement held by MSI. Pursuant to the terms of the Agreement, the payments that are the basis of such credit are to be applied first to postjudgment interest, accrued to today, on both the 1995 Judgment and the 1996 Judgment. Because the issue was not litigated, the court makes no determination of whether any remaining credit should be applied first to the principal amount of the 1995 Judgment or first to the principal amount of the 1996 Judgment.

5. The entry of the 1995 Judgment on November 24, 1995 constitutes the "entry of final judgment pursuant to mandate after appellate review" within the meaning of the Agreement, so that by reason of the Agreement MSI's manufacture and sale of nylon products prior thereto (and after the September 27, 1995 judgment of the United States Court of Appeals for the Federal Circuit) was not in violation of the District Court's injunction.

6. So long as MSI remains free of default under the Agreement (and if it assumes the Agreement), Pall is hereby enjoined from taking any action to collect the 1995 Judgment or the 1996 Judgment.